In The United States District Court
For The Southern District of Texas
Houston Division

| | | |
|---|---|---|
| **Scott Stowers** | § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:20-cv-1447 |
| **Aker BioMarine Manufacturing, LLC,** | § § | Jury Trial |
| *Defendant.* | § § § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Aker BioMarine Manufacturing, LLC ("Aker") files its Original Answer to Plaintiff Scott Stowers' First Amended Complaint (the "Amended Complaint").

## ANSWER

## I. PARTIES, JURISDICTION AND VENUE

1. Aker admits that Stowers is a former employee of Aker who worked for Aker in Houston, Harris County, Texas. Aker lacks sufficient knowledge or information to form a belief as to truth of the remaining allegations in paragraph 1 of the Amended Complaint, so Aker denies such allegations.

2. Aker admits it is a foreign limited liability company that is registered to, and does, conduct business in Houston, Harris County, Texas, and that it is owned, in whole or in part, by one or more foreign entities. Aker admits that it accepted Stowers' request to waive formal service of process (*see* Dkt. 3), and that it has appeared and answered. Aker denies the remaining allegations in paragraph 2 of the Amended Complaint.

3. Aker admits that this Court has subject matter jurisdiction over the claims alleged in the Amended Complaint pursuant to 28 U.S.C. § 1331 and the Court's supplemental jurisdiction. Aker denies the remaining allegations in paragraph 3 of the Amended Complaint.

4. Aker admits that Stowers worked for Aker in Houston, Harris County, Texas. Aker denies the remaining allegations in paragraph 4 of the Amended Complaint.

## II. FACTUAL BACKGROUND

5. Aker admits that it employed Stowers from approximately November 15, 2015 to January 29, 2020, and Stowers, generally, worked for Aker at its Houston, Harris County, Texas facility. Aker admits that it hired Stowers in the role of CFO, but Stowers temporarily served as the interim plant manager in or around September 2019. Aker admits that, prior to Stowers' employment with Aker, Stowers was employed by one or more Aker affiliates or related entities. Aker denies the remaining allegations in paragraph 5 of the Amended Complaint.

6. Aker admits that, at the time of his separation from employment, Stowers was an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. § 2611(2)(A). Aker admits that in or around November 2019, Aker approved Stowers for intermittent FMLA leave. Aker denies the remaining allegations in paragraph 6 of the Amended Complaint.

7. Aker admits that, at all times relevant to this lawsuit, it was an "employer," as that term is defined in 29 U.S.C. § 2611(4)(A). Aker admits that in or around November 2019, Karen Rosales, HR Payroll and Benefits Specialist, notified Stowers of his eligibility for FMLA leave. Aker denies the remaining allegations in paragraph 7 of the Amended Complaint.

8. Aker admits that, at all times relevant to this lawsuit, Stowers was an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. § 2611(2)(A). Aker denies all remaining allegations in paragraph 8 of the Amended Complaint.

9. Aker admits that in or around November 2019, Aker approved Stowers for intermittent FMLA leave to care for his mother. Aker lacks sufficient knowledge or information to form a belief as to the truth of the allegations relating to Stowers' mother's illness, treatment, and/or related care, so Aker denies all such allegations. Aker denies the remaining allegations in paragraph 9 of the Amended Complaint.

10. Aker admits that plant manager, Noelia Castro, met with Stowers on or around November 4, 2019 to discuss, among other things, the then-current work schedule for Stowers and his team, and, in advance of the meeting, Ms. Castro sent Stowers a calendar invitation to mark the date and time in their respective schedules. Aker denies the remaining allegations in paragraph 10 of the Amended Complaint.

11. Aker admits that in or around November 2019, Aker approved Stowers for intermittent FMLA leave. Aker lacks sufficient knowledge or information to form a belief as to the truth of the allegations relating to Stowers' mother's illness, treatment, and/or related care. Aker denies the remaining allegations in paragraph 11 of the Amended Complaint.

12. Aker denies the allegations in paragraph 12 of the Amended Complaint.

13. Aker denies the allegations in paragraph 13 of the Amended Complaint.

14. Aker denies the allegations in paragraph 14 of the Amended Complaint.

15. Aker denies the allegations in paragraph 15 of the Amended Complaint.

16. Aker admits that, in or around November 2019, Stowers requested, and Aker approved Stowers for, intermittent FMLA leave and, at all times relevant to this lawsuit, Stowers was an "eligible employee" as that term is defined in 29 U.S.C. § 2611(2)(A). Aker denies the remaining allegations in paragraph 16 of the Amended Complaint.

91285546v.3

## III. CAUSES OF ACTION

### FAMILY MEDICAL LEAVE ACT VIOLATION

17. Paragraph 17 does not require a response. To the extent a response is deemed required, Aker incorporates by reference its responses to paragraphs 1-16 of the Amended Complaint.

18. Aker affirmatively avers that the statements in paragraph 18 of the Amended Complaint purport to be statements of law, which do not require a response. To the extent a response is deemed required, Aker denies the allegations in paragraph 18 of the Amended Complaint.

19. Aker admits that, at all times relevant to this lawsuit, it was an "employer" as that term is defined in 29 U.S.C. § 2611(4)(A).

20. Aker admits that, at all times relevant to this lawsuit, Stowers was an "eligible employee" as that term is defined in 29 U.S.C. § 2611(2)(A). Aker admits that, in or around November 2019, Aker approved Stowers for intermittent FMLA leave. Aker denies the remaining allegations in paragraph 20 of the Amended Complaint.

21. Aker admits that in or around November 2019, Stowers requested, and Aker approved Stowers for, intermittent FMLA leave to care for Stowers' mother due to her "serious health condition" as that term is defined in 29 U.S.C. § 2611(11). Aker denies the remaining allegations in paragraph 21 of the Amended Complaint.

22. Aker affirmatively avers that the statements in paragraph 22 of the Amended Complaint constitute statements of law, which do not require a response. To the extent a response is deemed required, Aker denies the allegations in paragraph 22 of the Amended Complaint.

23. Aker denies the allegations in paragraph 23 of the Amended Complaint.

24. Aker admits that, in or around November 2019, Aker approved Stowers for intermittent FMLA leave. Aker denies the remaining allegations in paragraph 24 of the Amended Complaint.

25. Aker admits that Stowers brings this lawsuit seeking relief under the FMLA, but Aker denies that it violated the FMLA. Aker denies the remaining allegations in paragraph 25 of the Amended Complaint.

26. Aker admits that Stowers brings this lawsuit seeking damages under the FMLA, but Aker denies that Stowers is entitled to any such damages or relief. Aker denies the remaining allegations in paragraph 26 of the Amended Complaint.

27. Aker admits that Stowers brings this lawsuit seeking damages under the FMLA and liquidated and other damages and remedies, but Aker denies that Stowers is entitled to any such damages or relief. Aker denies the remaining allegations in paragraph 27 of the Amended Complaint.

28. Aker admits Stowers seeks attorneys' fees and court costs, but Aker denies that Stowers is entitled to any such relief.

29. Aker affirmatively avers that the allegations in paragraph 29 of the Amended Complaint constitute conclusions of law, which do not require a response. To the extent a response is deemed required, Aker denies the allegations in paragraph 29 of the Amended Complaint.

Retaliation Under the FMLA

30. Aker denies the allegations in paragraph 30 of the Amended Complaint.

31. Aker denies the allegations in paragraph 31 of the Amended Complaint.

32. Aker denies the allegations in paragraph 32 of the Amended Complaint.

# DISCRIMINATION AND RETALIATION IN VIOLATION OF
# TEXAS LABOR CODE SECTIONS 21.051, 21.055 *ET SEQ.*

### Procedural Statement

33. Aker affirmatively avers that the allegations in paragraph 33 of the Amended Complaint constitute conclusions of law, which do not require a response. To the extent a response is deemed required, Aker denies the allegations in paragraph 33 of the Amended Complaint.

34. Aker admits that Stowers filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 451-2020-02206, on February 28, 2020. Aker lacks sufficient knowledge or information to form a belief as to truth of the remaining allegations in paragraph 34 of the Amended Complaint, so Aker denies such allegations.

35. Paragraph 35 does not require a response. To the extent a response is deemed required, Aker incorporates by reference its responses to paragraphs 1-34 of the Amended Complaint.

36. Aker denies the allegations in paragraph 36 of the Amended Complaint.

37. Aker denies the allegations in paragraph 37 of the Amended Complaint.

### Disability Discrimination under the Texas Labor Code

38. Paragraph 38 does not require a response. To the extent a response is deemed required, Aker incorporates by reference its responses to paragraphs 1-37 of the Amended Complaint.

39. Aker denies the allegations in paragraph 39 of the Amended Complaint.

40. Aker denies the allegations in paragraph 40 of the Amended Complaint.

### Disability Based Retaliation under the Texas Labor Code

41. Aker denies the allegations in paragraph 41 of the Amended Complaint.

42. Aker denies the allegations in paragraph 42 of the Amended Complaint.

43. Aker denies the allegations in paragraph 43 of the Amended Complaint.

### Age Discrimination under the Texas Labor Code

44. Aker admits that, as of the filing of Aker's Original Answer to the Amended Complaint, Stowers is approximately fifty-two (52) years of age.

45. Aker denies the allegations in paragraph 45 of the Amended Complaint.

46. Aker admits that it employed Stowers from approximately November 15, 2015 to January 29, 2020. Aker admits that, prior to Stowers' employment with Aker, Stowers was employed by one or more Aker affiliates or related entities. Aker admits that it hired Stowers in the role of CFO and that Stowers temporarily served as the interim plant manager in or around September 2019. Aker denies all remaining allegations in paragraph 46 of the Amended Complaint.

47. Aker denies the allegations in paragraph 47 of the Amended Complaint.

48. Aker denies the allegations in paragraph 48 of the Amended Complaint.

49. Aker denies the allegations in paragraph 49 of the Amended Complaint.

### Age Based Retaliation under the Texas Labor Code

50. Aker denies the allegations in paragraph 50 of the Amended Complaint.

51. Aker denies the allegations in paragraph 51 of the Amended Complaint.

52. Aker denies the allegations in paragraph 52 of the Amended Complaint.

### CLAIMS ARISING UNDER SECTION 504 REHAB ACT, 29 U.S.C. § 794, *ET SEQ.*

53. Paragraph 53 does not require a response. To the extent a response is deemed required, Aker incorporates by reference its responses to paragraphs 1-52 of the Amended Complaint.

54. Aker denies the allegations in paragraph 54 of the Amended Complaint.

55. Aker denies the allegations in paragraph 55 of the Amended Complaint.

56. Aker denies the allegations in paragraph 56 of the Amended Complaint.

## IV.  JURY DEMAND

57. Aker admits that Stowers demands a trial by jury.

## V.  PRAYER FOR RELIEF

58. Regarding Stowers' unnumbered "Prayer for Relief," Aker admits that Stowers seeks to recover various remedies against Aker. However, Aker denies that Stowers is entitled to any relief requested or that any just or proper basis exists for awarding relief against Aker in favor of Stowers. Aker denies the remaining allegations in the unnumbered "Prayer for Relief" paragraph in the Amended Complaint, including sub-paragraphs (1) – (8).

## VI.
## DEFENSES AND AFFIRMATIVE DEFENSES

59. Each defense and affirmative defense is made without admitting the burden of proof, is stated in the alternative, and exists separately from all other defenses or affirmative defenses.

60. Stowers does not and did not at any time relevant to this lawsuit suffer from a "serious health condition," as that term is defined under the FMLA.

61. Stowers does not and did not at any time relevant to this lawsuit suffer from a "disability" as that term is defined by the Texas Labor Code, the Americans with Disabilities Act, or Section 504 of the Rehabilitation Act.

62. Stowers' claims fail, in whole or in part, because all employment decisions made by Aker with respect to Stowers were made for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

91285546v.3

63. Stowers' claims fail, in whole or in part, because Aker would have made the same employment decisions with respect to Stowers even if Stowers had not exercised any rights under the FMLA, the Texas Labor Code, the Americans with Disabilities Act, or Section 504 of the Rehabilitation Act.

64. Stowers' claims fail, in whole or in part, because Aker would have made the same employment decisions with respect to Stowers even if he was under the age of 40.

65. Stowers' claims fail, in whole or in part, because Aker would have made the same employment decisions with respect to Stowers, regardless of his mother's underlying health issues.

66. Stowers' claims fail, in whole or in part, because neither Stowers' leave, age, or association with a disability was a motivating or determinative factor in Aker's decision to terminate Stowers' employment.

67. Stowers' claims fail, in whole or in part, because Aker did not intentionally discriminate or retaliate against Stowers.

68. Stowers' claims fail, in whole or in part, because Stowers did not engage in any statutorily-protected conduct under the FMLA, the Texas Labor Code, the Americans with Disabilities Act, or Section 504 of the Rehabilitation Act.

69. Stowers' claims fail, in whole or in part, because Defendant did not subject Stowers to any materially adverse employment action in response to any statutorily-protected conduct.

70. Stowers' claims fail, in whole or in part, because Aker did not deny Stowers of any benefit he would have otherwise been eligible for under the FMLA; Stowers received all FMLA-related benefits to which he was entitled.

71. Stowers' claims fail, in whole or in part, because at all times, the employment of Stowers was terminable at will by either Stowers or Aker, with or without cause.

91285546v.3

72. Stowers' claims fail, in whole or in part, because Stowers did not request an accommodation from Aker or engage in the interactive process, and Aker never rejected any reasonable accommodation.

73. Stowers' claims fail, in whole or in part, because Aker is not liable for alleged discriminatory conduct unrelated to legally protected characteristics.

74. Stowers' claims fail, in whole or in part, because Aker has never acted willfully, recklessly or maliciously toward Stowers so as to be liable for any claim or damage at issue in the Amended Complaint.

75. Stowers' claims fail, in whole or in part, because Stowers has failed to mitigate, or reasonably attempt to mitigate, his damages, if any, and Aker is entitled to an offset in the amount Stowers could have earned after his separation from employment with Aker.

76. Stowers' claims fail, in whole or in part, because Stowers' claims for front pay are too speculative to be permitted.

77. Stowers' claims fail, in whole or in part, because Stowers is not entitled to duplicative remedies for the same underlying actions or omissions. Stowers is required to elect his remedies.

78. Stowers is not entitled to compensatory damages for emotional distress and/or mental anguish under the FMLA.

79. Stowers is not entitled to punitive damages under the FMLA.

80. Stowers is not entitled to restoration because restoration is not feasible and would cause substantial and grievous economic injury to Aker's operations.

81. To the extent that Stowers seeks remedies against Aker beyond those available under the statutes which Stowers asserts claims, such remedies are improper.

91285546v.3

82. Stowers' claims fail, in whole or in part, because Aker did not interfere with Stowers' exercise of rights, if any, to leave or otherwise under the FMLA.

83. Stowers' claims fail, in whole or in part, because Aker acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the law.

84. Stowers' claims fail, in whole or in part, based on the doctrine of after-acquired evidence.

85. Stowers' claims fail, in whole or in part, because his employment was terminated for reasonable factors other than age, disability, or leave.

86. As a result of Stowers' actions herein, Aker has been required to retain the services of the undersigned attorneys, and is entitled to an award of its reasonable attorneys' fees incurred in defending this action.

87. Stowers' claims fail, in whole or in part, because Aker is not a covered employer or covered entity under Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq.*

88. Stowers' claims fail, in whole or in part, because Aker is not, and is not a part of, a "program or activity" as that term is defined by 29 U.S.C. § 794.

89. Stowers' claims fail, in whole or in part, because Aker is not a "recipient" of "federal financial assistance," as those terms are defined in 28 C.F.R § 41.3.

90. Stowers' claims fail, in whole or in part, to the extent the decision maker(s) fall within the same protected categories as Stowers.

91. Aker reserves the right to plead any additional defenses or affirmative defenses that may be applicable based upon evidence revealed during discovery.

91285546v.3

Respectfully submitted,

*/s/ Sara C. Longtain*
**Sara C. Longtain**
Texas State Bar No. 24052173
Southern District of Texas No. 891047
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Phone: (713) 226-1346
Fax: (713) 229-2581
slongtain@lockelord.com

**Attorney-In-Charge for Defendant**

**Andrew W. Reed**
Texas State Bar No. 24074930
Southern District ID No. 1140192
Andrew.reed@lockelord.com
**Lani Durio**
Texas State Bar No. 24105828
Southern District ID No. 3157570
Lani.durio@lockelord.com
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002

**Of Counsel for Defendant**

## Certificate of Service

I hereby certify that on March 4, 2021, a true and correct copy of this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure and the Court's electronic filing system.

/s/ *Sara C. Longtain*
**Sara C. Longtain**